UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

———

No. 6:25-cv-00277

———

**Stephen A. Buesing,**
*Plaintiff,*

v.

**Unknown Layton et al.,**
*Defendants.*

———

# ORDER

Plaintiff, a Texas Department of Criminal Justice prisoner proceeding pro se and in forma pauperis, filed this civil-rights action under 42 U.S.C. § 1983. Doc. 14. The case was referred to a magistrate judge, who issued a report recommending that the case be dismissed for failure to state a claim. Doc. 16 at 16. Plaintiff filed written objections. Doc. 18.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994). If the objections are improper, "the court need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72(b), advisory committee's notes to 1983 amendment.

Plaintiff first objects to the magistrate judge's recommendation that his complaint be dismissed with prejudice. Doc. 18 at 1. He correctly points out that pro-se complaints are "liberally

- 1 -

construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Savage v. Westcott*, 152 F.4th 687, 692 (5th Cir. 2025) (citation omitted); Doc. 18 at 1. He is also correct that district courts generally should not dismiss pro-se complaints with prejudice before "giving the plaintiff an opportunity to amend." *Dougherty v. U.S. Dep't of Homeland Sec.*, No. 22-40665, 2023 WL 6123106, at *6 (5th Cir. Sept. 19, 2023) (per curiam) (citation omitted) (unpublished). However, the court has already given plaintiff one opportunity to amend, and dismissal "without prejudice is not required if the plaintiff has already pleaded his best case." *Id.* (cleaned up). Furthermore, even a pro-se complaint "must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993) (per curiam).

Plaintiff's objections state in several places that his amended complaint sufficiently pleaded deliberate indifference. Doc. 18 at 2, 5–6. Thus, the court is satisfied that plaintiff has pleaded his best case and that further amendment would be futile. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986) (stating that the court "assume[s] . . . that the plaintiff pleaded his *best case*" when the plaintiff repeatedly "declares the adequacy of his complaint"). Accordingly, plaintiff's first objection is overruled.

In his second objection, plaintiff complains that the magistrate judge did not conduct a *Spears* hearing. Doc. 18 at 2. However, a pro-se prisoner has no "right or expectation" to have a *Spears* hearing when the court can determine "whether a claim has been stated" from the complaint alone. *Simpson v. Gusman*, No. 2:06-cv-05750, 2008 WL 2789057, at *1–2 (E.D. La. July 16, 2008) (citing *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986)). Accordingly, plaintiff's second objection is overruled.

Plaintiff also complains that the magistrate judge improperly considered prison records to counter the allegations in plaintiff's complaint. Doc. 18 at 2. This objection is insufficient to warrant relief because the court finds that plaintiff's complaint, standing

alone, nonetheless fails to state a claim. Accordingly, plaintiff's third objection is overruled.

In his remaining objections, plaintiff simply restates factual allegations from the complaint and argues that the magistrate judge erred in finding that defendants' conduct did not amount to deliberate indifference. Doc. 18 at 2–6. The court finds no error in the magistrate judge's analysis. The facts in the amended complaint allege unsuccessful treatments, acts of negligence, and medical malpractice. Such facts are insufficient to state a claim for deliberate indifference. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) ("Unsuccessful medical treatment, acts of negligence, or medical malpractice do not constitute deliberate indifference, nor does a prisoner's disagreement with his medical treatment, absent exceptional circumstances.").

Nor are the alleged delays in treatment sufficient to state a claim under the Eighth Amendment. That defendants did not transport plaintiff to the hospital until several hours after the initial injury does not constitute deliberate indifference because delays in admission to emergency rooms are not unusual. *See Wesley v. Neal*, No. 5:22-cv-00078, 2024 WL 1506839, at *7–8 (E.D. Tex. Feb. 2, 2024), *R&R adopted*, 2024 WL 911720 (E.D. Tex. Mar. 4, 2024) (finding that a shift supervisor waiting four hours to have a prisoner transported to the hospital after an assault did not amount to deliberate indifference). The delay in plaintiff's appointment with an orthopedic specialist also does not constitute deliberate indifference. *Chapman v. Pace*, 353 F. App'x 955, 956–57 (5th Cir. 2009) (per curiam) (unpublished) (finding that a three-month delay in receiving treatment from an orthopedic specialist did not constitute deliberate indifference where "prison medical officials were attentive to [plaintiff's] medical needs").

The pleaded facts show that plaintiff received continuous medical care from the date of his injury to his eventual surgery. As such, the delay "constitute[s] only a disagreement with [plaintiff's] medical treatment" and not a "denial of medical care." *Wilson v. Grimes*, 770 F. App'x 218, 219 (5th Cir. 2019) (per curiam)

(unpublished). Moreover, even if there was an improper delay in medical care, plaintiff has not pleaded facts showing that the delay carried a substantial risk of serious harm or that defendants were subjectively aware of that risk. *See Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (explaining the standard for "deliberate indifference"). Accordingly, plaintiff's remaining objections are overruled.

Having reviewed the magistrate judge's report de novo and being satisfied that there is no error, the court accepts its findings and recommendations. Plaintiff's federal claims are dismissed with prejudice for failure to state a claim. Plaintiff's state law claims are dismissed without prejudice for lack of pendent jurisdiction. Any pending motions are denied as moot.

*So ordered by the court on February 25, 2026.*

J. CAMPBELL BARKER
United States District Judge

- 4 -